**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1273
_____

UNITED STATES OF AMERICA

v.

JAMES BIRT,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-02-cr-00286)
District Judge: The Honorable Chief Judge Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 109.2
September 14, 2012

Before: SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>,
and ROSENTHAL, <u>District</u> <u>Judge</u>1

_____

JUDGMENT ORDER

_____

On June 9, 2003, Jamell Birt pleaded guilty under a plea agreement to a one-

count information charging him with possession with intent to distribute crack

---

1 The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of
Texas, sitting by designation.

cocaine, in violation of 21 U.S.C. § 841(a)(1).  At the February 27, 2004 sentencing hearing, the district judge determined that Birt was a career offender with a criminal history category of VI and an adjusted total offense level of 34, yielding an advisory guideline range of 262 to 327 months.  The District Court imposed the statutory maximum of 240 months.

After Birt's sentencing, the United States Sentencing Commission amended the Sentencing Guidelines by increasing the quantity of crack cocaine required for mandatory minimum prison terms.  U.S.S.G. app. C, amend. 750 (2011).  The Commission made this amendment retroactive effective November 1, 2011.  U.S.S.G. app. C, amends. 750, 759 (Supp. May 1, 2008).  On November 23, 2011, Birt, represented by counsel, moved to reduce his sentence under 18 U.S.C. § 3582(c)(2).  On January 13, 2012, the District Court granted the motion and lowered the sentence to the bottom of the revised applicable guideline range, which was 210 to 240 months.  Birt filed a notice of appeal, challenging the amount of the reduction as insufficient.

Birt's court-appointed counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738 (1967).  An *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and the brief must "explain why the [identified] issues are frivolous."  *United States v. Youla,*

241 F.3d 296, 300 (3d Cir. 2001).  We must satisfy ourselves that counsel adequately fulfilled the *Anders* requirements and that  an independent review of the record presents no nonfrivolous issues.  *Id.* (citing *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders,* 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous.").  If the review fails to reveal any nonfrivolous issues, we "may grant counsel's request to withdraw and dismiss the appeal." *Id.*

Counsel has fulfilled his obligation under *Anders.*  His brief sets out the relevant facts and correctly explains that the District Court's reduction of the sentence to the bottom of the amended applicable guideline range was as much as the statute[2] and guidelines[3] permitted and was consistent with *Booker v. United States*, 543 U.S. 220 (2005), because the original sentence was within the guideline range.  *See Dillon v. United States*, 560 U.S. __, 130 S. Ct. 2683, 2692 ("Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*.").  Counsel also explains that Birt received the reduction that his motion asked the District Court to

---

[2] 18 U.S.C. § 3582(c)(2).

[3] U.S.S.G. § 1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range) (Policy Statement).

3

provide.  Based on our review of the record, we agree with Birt's counsel that there

is no nonfrivolous issue meriting consideration on appeal.

On consideration whereof, it is now hereby ADJUDGED AND ORDERED by this Court that the order of the District Court entered January 17, 2012 is hereby AFFIRMED.  We grant counsel's motion to withdraw.  We certify that the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari with the Supreme Court.  3d Cir. L.A. R. 109.2(b).

By the Court,

/s/ Lee H. Rosenthal
District Judge

ATTEST:

/s/Marcia M. Waldron
Clerk

Dated: September 19, 2012
trg/cc:     William A. Behe, Esq.
          Jamell Brit
          Ronald A. Krauss, Esq.