**DLD-145**                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3256
_____

ALONZO LAMAR JOHNSON,

Appellant

v.

UNITED STATES OF AMERICA; JUDGE CONTI; JUDGE FISCHER; JUDGE
MITCHELL; JUDGE REYNOLDS;  JUDGE AMBROSE; CHIEF POLICE
COLUMBUS OHIO; FORENSIC REAGAN ANDERSON OHIO; OFFICER
DAUGHERTY OHIO; CHRISTY FOREMAN, ATTORNEY; BRIAN ASTON,
ATTORNEY; DANIEL BOOKER, FBI AGENT; UNKNOWN GRAND JURY JUDGE,
2007-2009; JACK HAMILTON, CLERK; GERALD MCIALL, GRAND JURY
FOREPERSON; MARY BETH BUCHANAN, U.S. ATTORNEY; MICHAEL IVORY,
ASSISTANT U.S ATTORNEY; SOO C. SONG, ASSISTANT U.S. ATTORNEY;
ROSS LENHARDT, ASSISTANT U.S. ATTORNEY; LOUIS ARKEL, ATTORNEY;
UNKNOWN MAYOR PITTSBURGH, PA, 2007-2009; UNKNOWN MAYOR
COLUMBUS, OHIO, 2007-2009; TERRY BLACK, DETECTIVE COLUMBUS, OH;
L. DAUGHERTY, POLICE COLUMBUS, OH; REGAN B. ANDERSON, FORENSIC
SCIENTIST COLUMBUS, OH; SAXSTANDER SERGEANT, COLUMBUS, OH;
UNKNOWN HIDA AGENTS, COLUMBUS, OH; UNKNOWN CHIEF OF POLICE
COLUMBUS, OH; UNKNOWN GOVERNOR OF OHIO, 2007-2009; UNKNOWN
GOVERNOR OF PENNSYLVANIA, 2007-2009; TINA O. MILLER, ASSISTANT U.S.
ATTORNEY; R.J. BARTH, CLERK; UNKNOWN GRAND JURY CLERK, 2007-2009;
ANTHONY HOOTS, GOVERNMENT WITNESS; U.S. PROBATION OFFICE;
MAUREEN H. KILLISON, WASHINGTON, D.C.; ALICE. FISHER, ASST. ATT.
GENERAL, WASHINGTON, D.C.; JOHN ROTH, ACTING DEPUTY 2007-2009, D.C.
[INDIVIDUAL AND/OR REPRESENTATIVE IN OFFICIAL CAPACITY];
ROGER COX, Attorney

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

(D.C. Civil No. 2-19-cv-01129)
District Judge: Honorable Robert J. Colville
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 8, 2021

Before: JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 27, 2021)
_____

OPINION[*]
_____

PER CURIAM

In April 2012, Alonzo Johnson was convicted of conspiracy to distribute and

possess with intent to distribute five kilograms or more of a mixture and substance

containing a detectable amount of cocaine, and fifty grams or more of a mixture and

substance containing a detectable amount of cocaine base, in violation of 21 U.S.C.

§ 846. We affirmed. <u>United States v. Johnson</u>, 639 F. App'x 78 (3d Cir. 2016) (not

precedential). Johnson later filed a motion to vacate his sentence pursuant to 28 U.S.C.

§ 2255. The District Court denied relief, and we denied Johnson a certificate of

appealability. <u>United States v. Johnson</u>, C.A. No. 19-1289 (order entered Sept. 12, 2019).

In September 2019, Johnson brought a civil action in the District Court seeking

monetary damages in connection with his criminal proceedings. In the complaint, which

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

2

he later amended, Johnson named as defendants the United States and numerous individuals allegedly involved in his criminal proceedings, including District Judges; former Magistrate Judges; the former Clerk of Court; District Judge Ambrose's former Courtroom Deputy Clerk; the grand jury foreperson; Johnson's co-defendant Hoots; Johnson's trial attorney and other former attorneys; co-defendant Kelly's trial attorney; numerous attorneys with the United States Attorney's Office; various police officers, detectives, and other law enforcement agents or investigators; and the mayors of Pittsburgh, Pennsylvania and Columbus, Ohio.

In the amended complaint, Johnson claimed that the defendants conspired to secure his unlawful conviction, in violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Specifically, he alleged that: the prosecution maliciously indicted and prosecuted him, falsely arrested him, forged grand jury documents, unlawfully amended the indictment, suborned perjury, withheld exculpatory evidence, and introduced illegally obtained evidence at both the grand jury proceeding and trial; the District Judge should have suppressed the wiretap evidence because the authorizing judge's signature was forged; the District Court lacked jurisdiction over the trial; and trial counsel provided ineffective assistance by failing to move for a mistrial, calling co-defendant Alford to testify, and wrongly advising Johnson to proceed with the drug quantity on the verdict slip. Johnson also sought discovery to support his claims.

---

constitute binding precedent.

3

By way of relief, Johnson sought over one million dollars "for each day he has been unjustly incarcerated . . . and whatever other relief" the court deemed appropriate.[1] Am. Compl. 14, ECF No. 10.

The matter was referred to a Magistrate Judge, who recommended that the Amended Complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. The District Court approved and adopted the Report and Recommendation over Johnson's objections and dismissed the Amended Complaint without prejudice to Johnson's ability to bring a malicious prosecution action if his convictions are later terminated in his favor. The District Court also denied Johnson's discovery requests. Johnson appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Cir. LAR 27.4 and I.O.P. 10.6.

The District Court properly dismissed Johnson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). First, the Magistrate Judge correctly concluded that Johnson's constitutional challenges to his conviction and sentence—which have not been

---

[1] This is Johnson's second civil action relating to his 2012 convictions. See Johnson v. Song, No. 12-cv-00098, 2012 WL 895441 (W.D. Pa. Feb. 16, 2012), Report and Recommendation adopted by 2012 WL 896410 (W.D. Pa. Mar. 15, 2012).

invalidated—are barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). See Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012) ("In Heck, the Supreme Court held that a [42 U.S.C.] § 1983 suit should be dismissed when 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" (quoting Heck, 512 U.S. at 487)); see also Lora-Pena v. F.B.I., 529 F.3d 503, 505 n.2 (3d Cir. 2008) (per curiam) ("[T]he reasoning in Heck has been applied to bar Bivens claims."). Second, the Magistrate Judge correctly concluded that because Johnson was arrested pursuant to a warrant, his claims for false arrest and false imprisonment were, in essence, malicious prosecution claims, see Wallace v. Kato, 549 U.S. 384, 390 (2007) (explaining that once an individual is held pursuant to legal process, "unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process") (quotation marks and emphasis omitted), and thus likewise Heck-barred, see generally Myers v. Koopman, 738 F.3d 1190, 1194–95 (10th Cir. 2013).

Moreover, many of the defendants were shielded by immunity. Johnson's claims against the federal judges for actions taken in their judicial capacities were barred by the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). The defendant prosecutors were absolutely immune from liability for alleged misconduct

5

relating to various stages of the criminal proceedings, and they were entitled to quasi-judicial immunity for securing information necessary to the decision whether to initiate a case. See Kulwicki v. Dawson, 969 F.2d 1454, 1464–65 (3d Cir. 1992). Johnson's co-defendant was similarly immune from liability for alleged misconduct relating to his trial testimony. See Briscoe v. LaHue, 460 U.S. 325, 332–33 (1983). In addition, the United States and its agents, to the extent the agents were acting in their official capacities, were entitled to sovereign immunity.[2] See FDIC v. Meyer, 510 U.S. 471, 475 (1994).

Lastly, to the extent that any of Johnson's remaining claims survived these bars, such claims were brought well beyond the applicable two-year limitation period.[3] See Napier v. Thirty or More Unidentified Fed. Agents, Emps., or Officers, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988) ("[F]or Bivens actions, we must look to the most analogous state statute of limitations."); 42 Pa. Cons. Stat. § 5524(2).[4]

For these reasons, the District Court properly dismissed the amended complaint without prejudice to Johnson bringing a malicious prosecution action if his convictions

---

[2] Furthermore, private individuals cannot be sued under Bivens. See Brown v. Philip Morris Inc., 250 F.3d 789, 801 (3d Cir. 2001).

[3] The statute of limitations does not apply to the Heck-barred claims that have not yet accrued. See Stephenson v. Reno, 28 F.3d 26, 27–28 (5th Cir. 1994) (per curiam); cf. Wallace v. Kato, 549 U.S. 384, 389–90 (2007); Dique v. N.J. State Police, 603 F.3d 181, 187–88 (3d Cir. 2010).

[4] To the extent that Johnson may have sought relief from his convictions under the Sixth Amendment, the exclusive means to that end is a motion to vacate under 28 U.S.C.§ 2255. Cf. United States v. DeRewal, 10 F.3d 100, 105 (3d Cir. 1993).

are later terminated.  See Heck, 512 U.S. at 484–85; Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).  Given that Johnson could not succeed at this time on any of his claims, we also see no error in the District Court's decision to deny discovery requests. Accordingly, we will summarily affirm the District Court's judgment.