CLD-138                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1318
_____

UNITED STATES OF AMERICA

v.

ALONZO LAMAR JOHNSON,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. Action No. 2:08-cr-00374-013)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 1, 2021

Before: RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed: May 19, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alonzo Lamar Johnson, an inmate currently serving his sentence at FCI Fort Dix, appeals pro se from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In April 2012, Johnson was convicted of one count of conspiracy to distribute five kilograms or more of cocaine and 28 grams or more of crack cocaine. He was sentenced as a career offender to 300 months in prison. We affirmed his conviction and sentence, see United States v. Johnson, 639 F. App'x 78 (3d Cir. 2016), and the Supreme Court denied certiorari, see Johnson v. United States, 137 S. Ct. 1577 (2017) (mem.). Johnson then filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied. We denied a certificate of appealability. See No. 19-1289.

In July 2020, Johnson filed a motion pursuant to § 3582(c)(1)(A)(i), arguing that compassionate release was warranted based on application of § 401 of the First Step Act and Amendment 782 to the Sentencing Guidelines. (ECF 1286.) In supplemental briefs filed in September 2020, Johnson cited as additional grounds for relief his rehabilitative efforts while incarcerated, the need to support his family because his son is incarcerated, "the large spreading of COVID-19" at FCI Fort Dix, and his increased risk from the disease because he is African American, obese, and 49 years-old. (ECF 1302 & 1305.) On January 14, 2021, Johnson filed a motion to amend his § 3582(c)(1)(A) motion, asserting that he had tested positive for COVID-19, but failing to indicate whether he had experienced any

2

symptoms. (ECF 1332.) The Government opposed the § 3582(c)(1)(A)(i) motion. (ECF 1310.)

The District Court denied relief. After concluding that Johnson exhausted his administrative remedies, the District Court held that the First Step Act and Amendment 782 did not apply to Johnson, that Johnson's health issues (including testing positive for COVID-19) and family circumstances did not rise to an extraordinary or compelling level, and that, in any event, the relevant factors under 18 U.S.C. § 3553(a) weighed against any reduction in his sentence. (ECF 1343.) Johnson appealed. (ECF 1346.) The Government has moved for summary affirmance (Doc. 8), and Johnson has filed his opening brief. (Doc. 10.)

We have jurisdiction under 28 U.S.C. § 1291. See United States v. Pawlowski, 967 F.3d 327, 329 n.4 (3d Cir. 2020). We review the District Court's order for abuse of discretion, and thus "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 330 (alteration, quotation marks, and citation omitted). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.

3

§ 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

The District Court did not abuse its discretion in denying Johnson's § 3582(c)(1)(A)(i) motion because, even if there were an extraordinary and compelling reason for compassionate release, the applicable § 3553(a) factors do not support relief. As the District Court explained, Johnson was convicted of a serious offense by buying and selling large quantities of cocaine.[1] (ECF 1343, at 20.) And his 300-month sentence, which included a downward variance of 60 months below the low end of the Guideline range, accounted for his difficult childhood, his own addiction, his extensive criminal history, and his classification as a career offender. See United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other

_____

[1] Evidence established that Johnson regularly purchased 4.5 ounces of cocaine a week from a co-defendant, that Johnson asked the co-defendant to sell cocaine to Johnson's cousin, and that Johnson inquired about the status of drug shipments that the co-defendant was to receive from his suppliers. Johnson, 639 F. App'x at 81.

factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence"). Moreover, the District Court accepted the Government's contention that Johnson remains a danger to the community based on his "lifelong involvement in crime and his entrenched crack and cocaine distribution activities." (ECF 1343, at 20.) Finally, the District Court recognized that Johnson had committed the underlying offense while on probation for another offense. (Id.) Therefore, District Court did not err in concluding that a "further reduction of [Johnson's] sentence would not be consistent with the statutory sentencing purposes."

Accordingly, because we do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," Pawlowski, 967 F.3d at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)), we grant the Government's motion and will summarily affirm the District Court's judgment.[2]

---

[2] Johnson's motion to stay this appeal is denied.