**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1469
_____

UNITED STATES OF AMERICA

v.

ALONZO LAMAR JOHNSON,
                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-08-cr-00374-013)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2021
Before:  CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed: July 27, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alonzo Johnson appeals from the District Court's order denying his motion for a reduction of sentence under the First Step Act. For the reasons below, we will affirm the District Court's judgment.

In April 2012, Johnson was convicted of one count of conspiracy to distribute five kilograms or more of cocaine and 28 grams or more of crack cocaine. He was sentenced to 300 months in prison. We affirmed his conviction and sentence. See United States v. Johnson, 639 F. App'x 78, 85 (3d Cir. 2016). Johnson then filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied. We denied Johnson's request for a certificate of appealability. See C.A. No. 19-1289.

In April 2019, Johnson filed a motion for discovery, requesting documents so that he could file a civil rights action regarding his criminal case. In August 2019, he filed his motion for a reduction of sentence under Section 404 of the First Step Act. By order entered January 29, 2020, the District Court denied both motions, determining, inter alia, that Johnson was not eligible for a sentence reduction. Johnson filed a notice of appeal on February 26, 2020, more than 14 days later. See Fed. R. App. P. 4(b)(1)(A) (providing that a notice of appeal in criminal case must be filed within fourteen days of order appealed).

We remanded the matter to allow the District Court to determine whether excusable neglect or good cause existed to extend the time to file the notice of appeal. See Fed. R. App. P. 4(b)(4). The District Court found excusable neglect and extended the

time to appeal.  Accordingly, there is no issue regarding the timeliness of the appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over a district court's statutory interpretation regarding Section 404 eligibility.  See United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020).  The Fair Sentencing Act of 2010 reduced the sentencing disparities between crack cocaine offenses and powder cocaine offenses by increasing the amounts of crack cocaine needed to trigger mandatory minimums.  United States v. Birt, 966 F.3d 257, 259-60 (3d Cir. 2020).  Section 404 of the First Step Act of 2018 allows defendants sentenced before the Fair Sentencing Act to seek reduced sentences based on the Fair Sentencing Act.  Id. at 260.  A District Court, however, cannot consider such a motion for a sentence reduction if the sentence was imposed in accordance with the Fair Sentencing Act.  See Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222; United States v. Hart, 983 F.3d 638, 639 (3d Cir. 2020).

The District Court correctly concluded that Johnson was not eligible for a sentence reduction as he was sentenced in accordance with the Fair Sentencing Act.[1]  As noted by the District Court, it was clear at the time of Johnson's sentencing in 2013 that the Fair Sentencing Act applied even though his offense was committed before its enactment.  See

---

[1] Because this conclusion is dispositive, we need not reach the District Court's determinations that Johnson committed a "covered offense" and that, even if he was eligible, Johnson was not entitled to a sentence reduction because his sentence was based on his career offender status and prior convictions.

United States v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011) (holding that the Fair Sentencing Act applies to all defendants sentenced after its enactment).

In his brief, Johnson argues that if he had been sentenced in accordance with the Fair Sentencing Act, he would have faced a mandatory minimum sentence of only five years instead of ten. However, under the Fair Sentencing Act, the mandatory minimum sentence for conspiring to distribute five kilograms or more of cocaine was ten years, which increased to twenty years because Johnson had a prior conviction for a felony drug offense. See 21 U.S.C. § 841(b)(1)(A)(ii) (2010).

Johnson appears to confuse changes made by the Fair Sentencing Act, which increased the crack cocaine amounts which trigger the mandatory minimums, with changes made by Section 401 of the First Step Act, which reduced the mandatory minimum sentences for drug traffickers with prior drug offenses and limited the prior drug offenses which trigger those mandatory minimums. See United States v. Aviles, 938 F.3d 503, 508 (3d Cir. 2019); Brief at 6 ("The above was not sentenced in accordance as to the First Step Act as stated by the District Court."). While section 404 of the First Step Act allows for a sentence reduction for those sentenced before the Fair Sentencing Act, it does not provide for retroactive application of section 401. That section only applies to those sentenced after the 2018 enactment of the First Step Act. Aviles, 938 F.3d at 510. Johnson is not entitled to be resentenced in accordance with the First Step Act.

On appeal, Johnson also seeks to raise a claim of innocence and relitigate the admission at his trial of eight kilograms of powder cocaine distributed by co-conspirators. Johnson has already raised similar arguments on direct appeal and in his § 2255 motion. We rejected those arguments on direct appeal and in denying his request for a certificate of appealability.  See Johnson, 639 F. App'x at 81 ("A rational trier of fact could interpret these inquiries to reflect awareness of a larger drug operation.  We therefore conclude that there is sufficient evidence to support the jury's determination that Johnson was a member of the charged conspiracy.")  In any event, a motion for a sentence reduction is not the appropriate vehicle for such a challenge to his conviction.

For the above reasons, we will affirm the District Court's judgment.[2]

---

[2] As Johnson does not challenge the denial of his motion for discovery in his opening brief, he has forfeited that issue.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that appellants forfeited arguments by failing to develop them in their opening brief).  He does raise the issue in his reply brief, explaining that he seeks discovery in order to challenge his grand jury proceedings.  This is insufficient as we do not consider arguments raised for the first time in a reply brief.  Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998).  Moreover, we already rejected his challenge to the grand jury proceedings when we denied his request for a certificate of appealability.  See United States v. Johnson, No. 19-1289 (order entered on Sept. 12, 2019) citing United States v. Console, 13 F.3d 641, 671-72 (3d Cir. 1993) (except for racial discrimination in the selection of grand jurors, any error in the grand jury proceeding was harmless because the petit jury's subsequent finding of guilt beyond a reasonable doubt means that there necessarily was probable cause to indict).