PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3820
_____

UNITED STATES OF AMERICA

v.

JAMELL BIRT,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-02-cr-286-001
District Judge:  Hon. Yvette Kane
_____

Argued
April 14, 2020

Before:   AMBRO, JORDAN, and SHWARTZ, *Circuit
Judges.*

(Opinion Filed:  July 20, 2020)
_____

Heidi R. Freese
Frederick W. Ulrich   [ARGUED]
Office of Federal Public Defender
100 Chestnut Street – Ste. 306
Harrisburg, PA  17101
        *Counsel for Appellant*

William A. Behe   [ARGUED]
David J. Freed
Office of United States Attorney
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA  17108
        *Counsel for Appellee*

_____

## OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

We are asked to decide whether a statute whose text is unchanged by a later act of Congress can nevertheless be said to have been "modified" by that enactment. Although the question might seem simple, getting to an answer is not, and the analysis may have significant implications for many federal prisoners.

Jamell Birt contends that he is one such prisoner. He appeals the District Court's denial of his request for a lower sentence pursuant to the First Step Act (the "Act"). As he

sees it, his conviction for possession with intent to distribute crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), qualifies as a "covered offense" under the Act and so he is entitled to resentencing. We disagree. "Covered offenses," as the First Step Act defines that term, are offenses proscribed by criminal statutes that have had their penalty provisions modified by another statute, specifically the Fair Sentencing Act. But the penalties for Birt's statute of conviction have not been modified, and, without such a modification, the First Step Act has no applicability to Birt's case. We will therefore affirm the judgment of the District Court.

## I.  BACKGROUND

In 2001, Birt was arrested following a routine traffic stop in Pennsylvania. He consented to a search of his car, and a state trooper found 186.5 grams of crack cocaine in the trunk.

Birt originally faced state charges and was released on bail. But after violating the conditions of his release, he was charged in federal court. Ultimately, the United States Attorney for the Middle District of Pennsylvania filed a superseding information charging him with one count of possession with intent to distribute an unspecified amount of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Birt eventually pled guilty to that charge, and his plea agreement stated that "[t]he maximum penalty for [his] offense is imprisonment for a period of 20 years [and] a fine of $1 million dollars," as well as a period of supervised release and various costs and collateral consequences. (App. at 18.) Those penalties are set forth in 21 U.S.C. § 841(b)(1)(C). The probation office then issued a Presentence Report noting

3

that, as stated in that statutory subsection, Birt's maximum sentence was 20 years. In due course, the District Court imposed the maximum sentence, which we affirmed on appeal.[1]

Years later, Birt filed a motion to reduce his sentence pursuant to Amendment 750 to the United States Sentencing Guidelines, an "amendment[] which lowered the base offense levels applicable to crack cocaine offenses." *United States v. Savani*, 733 F.3d 56, 58 (3d Cir. 2013). The District Court granted that motion in early 2012, and reduced Birt's sentence to 210 months. We also affirmed that order.

Another few years passed and Birt filed another motion for resentencing, this time based on the First Step Act. The government originally conceded that Birt was entitled to relief but subsequently withdrew that concession and argued that no resentencing was in order. The District Court agreed, deciding that Birt was not convicted of a "covered offense" within the meaning of the Act and, thus, that he was not entitled to relief.

---

[1] In a prior opinion, we summarized Birt's sentencing, noting that he "was a career offender with a criminal history category of VI and an adjusted total offense level of 34, yielding an advisory guidelines range of 262 to 327 months. The District Court imposed the statutory maximum of 240 months." *United States v. Birt*, 479 F. App'x 445, 446 (3d Cir. 2012).

4

This timely appeal followed.

## II.    DISCUSSION[2]

The issue before us is one of statutory interpretation. As noted earlier, Birt was convicted and sentenced under 21 U.S.C. § 841(a)(1) and (b)(1)(C) for possession with intent to distribute an unspecified quantity of crack cocaine. We must determine whether those two subsections, acting in concert, qualify as a "covered offense" within the meaning of the First Step Act.[3]

### A.    The Applicable Statutes

To answer that question we need to consider the interaction of three statutes: the Fair Sentencing Act, Pub. L.

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3582(c)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. "Our review over a district court's decision to grant or deny a motion for sentence reduction is typically for abuse of discretion. However, … we exercise plenary review [when] we are presented with legal questions[.]" *United States v. Thompson,* 825 F.3d 198, 203 (3d Cir. 2016) (citations and internal quotation marks omitted). That is what we face now.

[3] In determining whether a conviction constitutes a "covered offense," we focus on the statute of conviction, not the specific actions of the offender. *United States v. Harris*, No. 19-2517, 2020 WL3563995, --F.3d -- (3d Cir. 2020).

No. 111-220; the retroactivity provision of the First Step Act; and the provisions of the Controlled Substances Act under which Birt was convicted, namely 21 U.S.C. § 841(a)(1) and (b)(1)(C).

The Fair Sentencing Act was passed to reduce the disparities in sentencing between crack cocaine and powder cocaine offenses. Pub. L. No. 111–220, § 2, 124 Stat. 2372, 2372 (2010). It reduced the crack/powder ratio from 100:1 to approximately 18:1. *United States v. Dixon*, 648 F.3d 195, 197 (3d Cir. 2011). The amounts of crack cocaine needed to trigger statutory minimum sentences were also changed, by amending 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B). Prior to the Fair Sentencing Act, section 841(b)(1)(A)(iii) imposed a minimum sentence of 10 years and a maximum sentence of life for an offense involving 50 grams or more of crack. Section 841(b)(1)(B)(iii) imposed a minimum sentence of 5 years and a maximum sentence of 40 years for an offense involving 5 grams or more of crack. The Fair Sentencing Act modified the language of those provisions to replace "50" with "280" and "5" with "28." Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). By contrast, the penalty provision for offenses involving an unspecified quantity of drugs, 21 U.S.C. § 841(b)(1)(C), was unchanged.

The amendments to subsections (b)(1)(A) and (b)(1)(B) of § 841 were not at first retroactive. Consequently, those who were sentenced before the Fair Sentencing Act went into effect had dramatically higher sentences than those who were sentenced later for the same crimes. Congress sought to rectify that disparity when it passed the First Step Act. Section 404 of that statute allows a district court, when considering a defense motion aimed at a sentence for a

"covered offense," to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). The term "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222. The First Step Act thus made it possible for some prisoners to seek reduced sentences, even if they had been sentenced prior to the effective date of the Fair Sentencing Act.

### B.    The Meaning of "Covered Offense"

The text of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) – the statutory provisions comprising Birt's crime of conviction – was, as just noted, untouched by the Fair Sentencing Act. That text remains the same to the last letter. On its face, then, it is not apparent how a conviction under those subsections could qualify as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010[.]" First Step Act, Pub. L. 115-391, § 404(a), 132 Stat. 5194, 5222 (2018). Since "modify" and "change" are close synonyms, something that is completely unchanged has not, in ordinary parlance, been "modified." *See Change*, Merriam-Webster.com Thesaurus, https://www.merriam-webster.com/thesaurus/change, accessed 23 Jun. 2020 (listing "modify" as a synonym for "change").

Birt attacks that textual fact in two ways. First, he argues that his statute of conviction is § 841(a)(1), not the

7

combination of subsections (a)(1) and (b)(1)(C). Viewed in that light, he says, his statute of conviction was modified by the Fair Sentencing Act, since some of the penalty provisions associated with § 841(a)(1) were modified, even if subsection (b)(1)(C) was not. Second, he argues that, assuming his conviction is held to be one under a combination of subsections (a)(1) and (b)(1)(C), the way in which (b)(1)(C) is affected by changes to the other penalty provisions in § 841 means that those changes necessarily served to modify (b)(1)(C) as well. We disagree on both points.

     1.    <u>The relevant substantive provision is the combination of § 841(a)(1) and § 841(b)(1)(C).</u>

Birt's statute of conviction is a tight combination of subsections (a)(1) and (b)(1)(C) of § 841, not § 841(a)(1) in isolation or § 841 as a whole. That conclusion becomes apparent when we consider the structure of § 841 in conjunction with relevant Supreme Court precedent.

Section 841 is framed as a general prohibition on certain kinds of conduct, followed by a list of penalties corresponding to the particular manner in which the prohibition is violated. Subsection (a)(1), titled "[u]nlawful acts," prohibits the "manufacture, distribut[ion], or dispens[ing], or possess[ion] with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a)(1). That provision was not changed by the Fair Sentencing Act. Section 841(b), titled "[p]enalties[,]" lays out, in turn, the consequences for violating § 841(a). *Id.* § 841(b). Those consequences vary based on the type of controlled substance at issue and the quantity of the

8

controlled substance. The subsections dealing with crack cocaine are (b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C).[4] As previously stated, subsection (b)(1)(A)(iii) imposes a mandatory minimum of 10 years' imprisonment and a maximum of life for an offense involving 280 grams or more of crack. Again, it had been 50 grams, prior to the passage of the Fair Sentencing Act. Subsection (b)(1)(B)(iii) imposes a mandatory minimum of 5 years and a maximum of 40 years for an offense involving 28 grams or more of crack, and, before the Fair Sentencing Act, that trigger had been 5 grams. Lastly, subsection (b)(1)(C) imposes a statutory maximum of 20 years, and no mandatory minimum, for an offense involving an unspecified amount of crack, as it did before the Fair Sentencing Act.

Birt asserts that this statutory structure means that "all defendants convicted under Section[] 841(a)(1) … are eligible for a reduced sentence." (Opening Br. at 16-17). He argues that because § 841(a) lays out the proscribed conduct and then § 841(b) lays out the penalties for that conduct, the necessary conclusion is that the offense of conviction is § 841(a). And because the Fair Sentencing Act undoubtedly modified the penalties section (that is to say, it modified parts of § 841(b)), a violation of § 841(a) counts as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of

---

[4] Unlike subsections (b)(1)(A)(iii) and (b)(1)(B)(iii) of § 841, which are both directed expressly to offenses involving cocaine base, subsection (b)(1)(C) deals with controlled substance offenses more generally, including those involving cocaine base.

2010[.]" First Step Act, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222. Birt thus believes he committed a "covered offense" within the meaning of the First Step Act and is entitled to resentencing.

That reasoning is not implausible. Indeed, it is plausible enough that it was adopted by one of our sister circuits. The United States Court of Appeals for the First Circuit concluded that the "relevant statute … violated is either § 841 as a whole, or § 841(a), which describes all the conduct necessary to violate § 841. Section 841(b)(1), in turn, sets forth how the penalties for that conduct vary based on drug quantity." *United States v. Smith*, 954 F.3d 446, 449 (1st Cir. 2020). Our conclusion, however, is different, because of the Supreme Court's ruling in *Alleyne v. United States*, 570 U.S. 99 (2013).

Building on the principle laid out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne* held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. at 103. So, under *Alleyne*, any fact that legally requires an increased penalty is an element of the substantive crime itself. And if it is necessary to prove different facts for there to be different penalties, then there are different crimes, not merely the same crime with different penalties.

Section 841(a) doesn't contain any reference to penalties. Those are set forth in § 841(b), and the facts necessary to impose them must be proved to a jury beyond a reasonable doubt. Thus, depending on the subsection of 841(b) implicated by a defendant's charging document,

10

different facts must be presented to the jury in order for the government to meet its burden of proof, as required by *Alleyne*. If, for example, the indictment or information charging the defendant specifies the amount of crack that is involved in the offense, then reference must be made to the subsections of § 841(b)(1) to determine the pertinent drug quantity thresholds and what the government must prove to come within those thresholds. It follows that "21 U.S.C. § 841(b)(1)(A), § 841(b)(1)(B), and § 841(b)(1)(C) are each distinct crimes." *United States v. Williams*, 402 F. Supp. 3d 442, 449 n.7 (N.D. Ill. 2019) (emphasis omitted); *cf. United States v. Shaw*, 957 F.3d 734, 739-40 (7th Cir. 2020) (holding that defendants could seek relief under the First Step Act because they were convicted under § 841(b)(1)(A) and 841(b)(1)(B) and "the penalty *for each of those crimes* was modified by the Fair Sentencing Act") (emphasis added). We are therefore left to conclude that Birt's crime of conviction is defined by a combination of § 841(a)(1) and § 841(b)(1)(C).

That conclusion is not altered by the fact that Birt's charging document lists only the violation of § 841(a)(1) as his crime. That is conceptually incomplete for purposes of both prosecution responsibilities and the First Step Act. As just discussed, § 841(a) does not contain the drug thresholds that are integral to defining what are, after *Alleyne*, distinct crimes. It is thus, in our view, not true that "§ 841(a)… describes all the conduct necessary to violate § 841[,]" as the First Circuit has asserted. *Smith*, 954 F.3d at 449. Depending on the charge, an additional part of the statute must be accounted for and proof offered for there to be conviction of a crime. Because the charging instrument in this case did not specify an amount of crack cocaine, the only subsection that can fill that role is § 841(b)(1)(C). Thus, although the

11

superseding information did not explicitly reference § 841(b)(1)(C), the necessary inference is that Birt was prosecuted for a crime defined in part by that subsection. That conclusion is bolstered by the PSR's explicit reliance on (b)(1)(C) to establish the maximum sentence to which Birt was exposed.[5]

The First Circuit rejected that kind of reasoning. It dismissed *Alleyne* as being merely concerned with criminal procedure, and it said that there was "no reason to believe that Congress would have thought the holding in *Alleyne*" had any bearing on the questions raised by the First Step Act. *Smith*, 954 F.3d at 450. But *Alleyne* is no narrow procedural ruling. It is a landmark constitutional decision that redefined what constitutes an element of a crime and thus what constitutes the crime itself. There is no reason *not* to believe that Congress knew such a significant ruling would affect the interpretation of legislation addressing penalties for drug dealing. *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). The point of the First Step Act was to ameliorate certain penalties, including mandatory minimums, attached to drug dealing. *See* First Step Act, Pub. L. 115-391, § 401, 132 Stat. 5194, 5220 (stating, in a related section, that part of the effect of the First Step Act is to

---

[5] Birt was, of course, convicted long before the decision in *Alleyne* was handed down, so prosecutors had no reason at the time to consider the necessity of listing the pertinent penalty subsection of § 841 to complete the description of the crime.

"reduce and restrict enhanced sentencing for prior drug felonies").

Moreover, the reading that Birt and our sister circuit give the First Step Act would have serious and unintended consequences. Every defendant convicted under § 841(a) could seek resentencing regardless of whether the subsection under which he was convicted was changed in any way. In fact, a defendant convicted of a crime entirely unrelated to crack cocaine would be entitled to resentencing. Section 841(b) provides penalties associated with other controlled substances besides cocaine base. So, if we treat § 841(a) as the crime of conviction, defendants convicted of, say, heroin offenses, would be entitled to resentencing because the penalties in § 841(b) have been modified. That outcome would be odd, to say the least. The Fair Sentencing Act was meant to "restore fairness to Federal cocaine sentencing." Pub. L. 111–220, § 2, 124 Stat. 2372, 2372 (2010). Allowing defendants convicted of crimes unrelated to cocaine to be resentenced does not further the stated purpose. It is difficult to believe that is what Congress had in mind.[6]

---

[6] The First Circuit acknowledged this point, observing that a "difficult question would be whether a violation of § 841(a)(1) involving only a controlled substance other than crack cocaine (heroin, for example) would also be considered a 'covered offense.'" *Smith*, 954 F.3d at 450 n.5. The court declined to reach the issue, though, because it was not squarely presented. *Id*. Yet the clear implication of *Smith*'s holding is that non-crack offenses would indeed qualify as covered offenses under the First Step Act.

2.      Subsection    841(b)(1)(C)    was    not
        modified.

The    only    question    that    remains    is    whether
§ 841(b)(1)(C) was modified by the Fair Sentencing Act and
thus, in conjunction with § 841(a)(1), qualifies as a "covered
offense" under the First Step Act.[7]  The answer is it was not
modified and so does not qualify.

Although subsection (C) nowhere mentions a drug-
quantity trigger, Birt argues that "Congress necessarily
modified the weight range in Section 841(b)(1)(C)" by virtue
of the modifications made to the other two relevant
subsections of 841(b)(1).[8]  (Opening Br. at 14.)  He finds
support for his position in the statutory text that says
subparagraph (C) will apply "except as provided in
subparagraphs (A) [and] (B)…."  21 U.S.C. § 841(b)(1)(C).
In his view, that means that subparagraph (C) incorporated by

---

[7] It is undisputed that § 841(a)(1) was not modified in
any way by the Fair Sentencing Act.

[8]  The  same  provision  in  (C)  also  mentions
subparagraph (D).  As already discussed, subparagraph (A) of
§ 841(b)(1)  contains  in  further  subparagraph  (iii)  the
triggering amount of crack for a 10-year minimum mandatory
sentence, and, similarly, subparagraph (B) contains in further
subparagraph  (iii)  the  triggering  amount  for  a  five-year
minimum mandatory sentence.  Subparagraph (D) establishes
maximum sentences for certain marijuana crimes and is not
relevant here.

14

reference the penalty triggers in (A) and (B), and thus that all three were modified even though only (A) and (B) were actually changed. So Birt frames the issue as follows: § 841(b)(1)(C) applies in two circumstances – first, when the specified amount of crack is below the amount that would trigger the mandatory minimum in 841(b)(1)(B)(iii); or second, when the amount of crack cocaine is unspecified. Viewed in that light, § 841(b)(1)(C) was modified by the Fair Sentencing Act because the first circumstance arises based on the modified trigger in (b)(1)(B)(iii), *i.e.*, the increase from 5 grams to 28 grams.[9]

That argument too has some surface appeal. The problem remains, however, that Birt cannot point to any circumstance under which someone convicted under (b)(1)(C) would have faced different penalties before and after the passage of the Fair Sentencing Act. As was said recently by a well-respected judge on the court where Birt was convicted, while the Fair Sentencing Act's increase in the amount of crack required to trigger a mandatory minimum penalty under § 841(a)(1)(B) "did, in turn, increase the maximum amount of [crack] subject to penalty under … § 841(b)(1)(C), … that did

---

[9] The Fourth Circuit recently adopted this line of reasoning, concluding that "by increasing the drug weights to which the penalties in Subsections 841(b)(1)(A)(iii) and (B)(iii) applied, Congress also increased the crack cocaine weights to which Subsection 841(b)(1)(C) applied and thereby modified the statutory penalty" for that subsection. *United States v. Woodson*, 2020 WL 3443925 at *3 (4th Cir. 2020). As discussed herein, we respectfully disagree.

not affect anyone originally sentenced under…
§ 841(b)(1)(C). Put simply, any defendant … sentenced
under …§ 841(b)(1)(C) prior to the enactment of the Fair
Sentencing Act would presently be subject to the exact same
statutory penalty of up to 20 years." *United States v.
Roberson*, No. 99CR80-1, 2019 WL 6699912, at *3 (M.D.
Pa. Dec. 9, 2019) (Munley, J.), *appeal docketed*, No. 19-3972
(3d Cir. Dec. 26, 2019). In short, the text and effect of
§ 841(b)(1)(C) are the same now as before.[10] Try as he

---

[10] That is true both for those who were charged with
crimes involving an unspecified amount of crack and those, if
any, charged with a specified amount below the trigger found
in subsection 841(b)(1)(B)(iii). As to the former, "[b]oth
before and after the passage of the Fair Sentencing Act of
2010, a criminal defendant convicted of
violating § 841(b)(1)(C) with respect to *any* unspecified
quantity of a Schedule I or II controlled substance would be
subject under the provision to a statutory range of 0 to 20
years of imprisonment." *United States v. Hunter*, No.
3:05CR54 (JBA), 2019 WL 1220311, at *2 (D. Conn.
Mar. 15, 2019). As to the latter, it is a practical certainty that
those defendants would face no negative consequences. If the
amount charged was less than 5 grams, then the Fair
Sentencing Act changed nothing because § 841(b)(1)(C) was
always the only applicable subsection. If the amount was
more than 5 grams, those defendants would at least in theory
have been subjected already to the earlier mandatory
minimum sentences (*i.e.*, those in effect before the enactment
of the Fair Sentencing Act) found in (b)(1)(A)(iii) or
(b)(1)(B)(iii) and so have an argument for eligibility for relief
under the First Step Act.

might, Birt cannot change that, and, accordingly, convictions under that subsection are not "covered offenses," as defined by the First Step Act.

The Supreme Court has given something of an indirect endorsement of this view. In explaining the effect of the Fair Sentencing Act, the Court has observed, as we have here, that it "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum[.]" *Dorsey v. United States*, 567 U.S. 260, 269 (2012). The Court then cited § 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) but made no reference to § 841(b)(1)(C). That characterization of the effects of the Fair Sentencing Act can be seen as recognizing that § 841(b)(1)(C), which imposes no mandatory minimum, was not modified.

It is unsurprising, then, that many courts around the country have concluded that § 841(b)(1)(C) was not "modified" by the Fair Sentencing Act, within the meaning of the First Step Act.[11] We likewise hold that a conviction under

---

[11] *See, e.g., United States v. Foley*, 798 F. App'x. 534, 536 (11th Cir. 2020) (unpublished) (holding that "[s]ections 2 and 3 of the Fair Sentencing Act modified 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 844(a), 960(b)(1)(C), and 960(b)(2)(C)—but, importantly here, *not* § 841(b)(1)(C)"); *United States v. Brown*, 785 F. App'x 189, 190 (4th Cir. 2019) (per curiam) ("Because the Fair Sentencing Act did not modify the statutory penalties for

17

§ 841(a)(1) and § 841(b)(1)(C) is not a "covered offense" within the meaning of the First Step Act. Birt is therefore ineligible for the relief he seeks.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's denial of Birt's motion for resentencing.

---

[§ 841(b)(1)(C)], [the defendant's] offense is not a covered offense and the district court correctly denied [the] motion to reduce his sentence pursuant to § 404 of the First Step Act."); *United States v. Duggan*, 771 F. App'x 261, 261 (4th Cir. 2019) (per curiam) ("The offense for which Duggan was convicted and sentenced—possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C)—was not modified by section 2 or 3 of the 2010 FSA. The district court thus lacked jurisdiction to reduce Duggan's sentence under the 2018 [First Step Act]." (citing 18 U.S.C. § 3582(c)(1)(B))); *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("Because Wiseman was convicted under 21 U.S.C. § 841(b)(1)(C), not § 841(b)(1)(A) or (B), the First Step Act[] . . . would not impact him, even if he had been sentenced after the First Step Act's effective date."); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, [the] crime of conviction is not a 'covered offense' under the Act."); *Roberson*, 2019 WL 6699912 at *3 (finding that § 841(b)(1)(C) is not a "covered offense" under the First Step Act); *United States v. Washington*, No. 1:07-CR-0401, 2019 WL 4273862, at *2 (M.D. Pa. Sept. 10, 2019) (same).