**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1974
_____

UNITED STATES OF AMERICA

v.

BOBBY LEON COOK,
a/k/a Bobby L, a/k/a Shorty,

                                        Appellant
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. No. 2-17-cr-00020-001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 27, 2022

Before:  JORDAN, PORTER, and PHIPPS, *Circuit Judges*

(Filed:  July 6, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Bobby Leon Cook moved for compassionate release, asserting that a mistake of fact caused the District Court to sentence him to an extra year in prison. The District Court denied Cook's motion and concluded that he had not shown an "extraordinary or compelling" reason for relief within the meaning of the First Step Act. We agree and will affirm.

## I.    BACKGROUND

In March 2016, the U.S. Drug Enforcement Administration ("DEA") received a tip that Cook was dealing heroin in Washington County, Pennsylvania. Following that tip, the DEA set up surveillance on Cook, and an undercover officer arranged to buy a brick of heroin from him. Before the sale could happen, though, Cook was arrested by local police. The officers found him in possession of 2.2 grams of heroin and more than $3,000 in cash. A search of the hotel room where he was staying revealed three handguns and ammunition. State authorities then held Cook in custody on drug and firearm charges. Because of prior state felony convictions, the Pennsylvania Board of Probation and Parole placed a detainer on him. (Gov. Supp. App. at 65.)

In January 2017, a federal grand jury returned an indictment charging Cook with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court, pursuant to a writ of habeas corpus ad prosequendum, had Cook transferred from state to federal custody. Three months after Cook's federal indictment, the state charges against him were nolle prossed in deference

2

to the federal prosecution. A couple of weeks later, the Pennsylvania Parole Board lifted the original state detainer against Cook and replaced it with a new detainer that allowed recalculation of the maximum parole date. The dropping of state charges and the lifting of the detainer resulted in Cook's federal charges taking primacy.

Although he initially pled not guilty in federal court, Cook changed course in 2019 and pled guilty. At his change-of-plea proceedings, the District Court warned Cook that it had "no control over the state Probation and Parole Board if the sentence is imposed after you've served your federal sentence[.]" (Gov. Supp. App. at 18.)

Throughout the subsequent sentencing proceedings, both Cook and the government mistakenly represented to the District Court that Cook's original state detainer was in effect and gave Pennsylvania primary jurisdiction, meaning that his state sentence would run first. The federal probation office said in Cook's presentence report that the original state detainer remained in effect, which Cook did not challenge. Next, Cook moved for a downward variance, requesting that his sentence run concurrently with the sentence the Pennsylvania Parole Board would eventually impose. Finally, at Cook's sentencing hearing, he took the position that, because the state parole detainer was in place before his federal charges, "the primary jurisdiction over [him was] actually among the state authorities[.]" (Supp. App. at 80-81.) The government agreed, elaborating that "[o]nce Your Honor's sentence is imposed, he'll go back to the state to begin to serve the state sentence first, it would appear." (Supp. App. at 81.)

The Court acknowledged the uncontested representation of Cook's counsel and asked whether, in issuing its sentence, it could consider that Cook would serve the

3

sentence on his state parole violation first. Cook's counsel responded that the Court should do just that. Cook had a sentencing range of 100 to 120 months, and the Court sentenced him to 100 months, with the first twelve months to run concurrently with any prison term for the parole violation.

Three days after the sentencing hearing, the Marshals Service informed the Court that Cook's return to state facilities was unexecuted, explaining that his original parole detainer had been lifted and that he therefore should not be returned to state prison. Three months later, Cook filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He claimed that, for five reasons, his circumstances were "extraordinary and compelling" under the First Step Act:

a. The sentence imposed cannot be executed as intended;
b. The sentence was the result of a mistake of fact;
c. The mistake of fact was one shared by all parties;
d. Without modifying the sentence Mr. Cook will end up serving a sentence of incarceration at least 12 months longer than what the court intended;
e. Such a reduction would take into account the factors set forth in [18 U.S.C.] 3553(a), as this court considered these very factors in fashioning the sentence which cannot now be realized.

(Supp. App. at 52-53.)

The District Court denied that motion. It held that it was "not persuaded that the parties' mutual mistake of fact with respect to whether a parole detainer was lodged against Cook at the time of sentencing is an 'extraordinary and compelling reason'" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), even assuming the First Step Act broadened the legal bases for such release beyond those enumerated in U.S.S.G. §

4

1B1.13 cmt. n.1.  (App. at 15.)  Cook has timely appealed.

## II.  DISCUSSION[1]

Cook's asserted basis for seeking compassionate release, and for appealing the denial thereof, is that he will be serving a year longer in prison than the District Court intended because of a mistake of fact at sentencing.  The misalignment of his actual sentence with the District Court's intent, he says, is an "extraordinary and compelling circumstance."  (Opening Br. at 7-8.)  He also says the District Court misapprehended its authority to afford him relief under the First Step Act.  We disagree with both the contention that the District Court committed legal error and the claim that his sentence provides grounds for relief, so we will affirm.

Compassionate release under 18 U.S.C. § 3582(c)(1)(A) was historically only available upon a motion by the Bureau of Prisons and was confined to only four grounds set out in the sentencing guidelines' policy commentary: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) "other reasons" as determined by the Director of the Bureau of Prisons.  U.S.S.G.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review for abuse of discretion "a district court's determination that the [18 U.S.C.] § 3553(a) factors do not weigh in favor of granting compassionate release[.]"  *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).  "Under the abuse-of-discretion standard, we will not disturb the [district] court's determination unless we are left with 'a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached.'"  *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021) (alteration in original) (quoting *Pawlowski*, 967 F.3d at 330), *cert. denied*, 142 S. Ct. 1446 (2022).  "[W]e exercise plenary review [when] we are presented with legal questions" underlying such a denial.  *United States v. Birt*, 966 F.3d 257, 259 n.2 (3d Cir. 2020) (alteration in original) (citation omitted).

§ 1B1.13 cmt. n.1; *see also United States v. Berberena*, 694 F.3d 514, 522 n.10 (3d Cir. 2012) ("18 U.S.C. § 3582(c)(1)(A) … requires that sentence reductions for extraordinary and compelling reasons be consistent with applicable policy statements of the Commission … thereby restricting district courts[.]").

That statute was updated, however, by the First Step Act of 2018 and now permits motions for compassionate release to be filed directly by an inmate, as well as by the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(l)(A). Last year, based on the plain text of that Act, we held in *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), that inmate-initiated motions may present circumstances that are extraordinary and compelling for reasons not enumerated in the guidelines' commentary. But we clarified that, "although the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons." *Id.* at 260. "[I]t was reasonable[,]" we held, "for the [district] court to conclude that the phrase ['extraordinary and compelling reasons'] largely retained the meaning it had under the previous version of the statute[,]" and to therefore still look to the commentary as a "guide[.]" *Id.*

The District Court rightly, and with some prescience, followed a similar line of thought. It considered first whether it had to confine its analysis to the four reasons for compassionate release that are enumerated in the sentencing guidelines' policy commentary. *See* U.S.S.G. § 1B1.13 cmt. n.1. It acknowledged that questions had arisen as to whether the First Step Act of 2018 had broadened the legal bases for compassionate release beyond those recognized under the traditional framework. It held, however, that it "need not decide whether it is bound by the commentary to [U.S.S.G.] § 1B1.13 or it

has independent discretion[,]" because, either way, Cook's motion did not fall within any of the legislatively intended categories of those entitled to compassionate relief. (App. at 13-15.) Based on that understanding, it reached the appropriate conclusion that the unfortunate (but in-part self-induced) mistake at Cook's sentencing fell outside the bases for relief made available under the First Step Act.[2]

As we explained in *Andrews*, "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." 12 F.4th at 260-61. There, we held that an inmate could not use compassionate release to benefit from a non-retroactive change in the mandatory minimum for that inmate's offense. *Id.* at 260. Here, Cook presents an even less compelling case for compassionate release, having been sentenced at the lower bound of his sentencing guidelines range, 100 months. And his arguments bear practically no relation to the traditional grounds for compassionate release, which the District Court looked to for guidance.

In sum, the Court engaged in a lawful exercise of its authority, and we are not left with a "definite and firm conviction that [it] committed a clear error of judgment" in denying Cook's motion. *Id.* at 262 (alteration in original) (quoting *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020)).

---

[2] Although the District Court denied Cook's motion for compassionate release, it was "sympathetic to Cook's situation in this case" and opined that he "may be entitled to relief under 28 U.S.C. § 2255 if he files a § 2255 motion before the one-year statute of limitations expires … and can show his right to counsel guaranteed by the Sixth Amendment to the United States Constitution was violated." (App. at 15-16 (footnote omitted).) Cook thus had the necessary information to seek relief under 28 U.S.C. § 2255, yet he did not move to vacate within the one-year limitations period or thereafter.

**III.** **CONCLUSION**

For the foregoing reasons, we will affirm.