**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2826
_____

UNITED STATES OF AMERICA

v.

SYLVESTER ANDREWS, also known as Kazime,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:92-cr-00671-008)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2023

Before: AMBRO**, KRAUSE, and SCIRICA, Circuit Judges

(Opinion filed: February 21, 2023)

_____

OPINION*

_____

---

** Judge Ambro assumed senior status on February 6, 2023.
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Sylvester Andrews appeals pro se from the District Court's order denying his motion for a sentence reduction under Section 404 of the First Step Act. For the reasons that follow, we will affirm that judgment.

I.

In 1993, a federal jury found Andrews guilty of one count of conspiring to distribute crack, one count of distributing crack, one count of distributing crack in a school zone, two counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and two other firearm offenses. Under the version of 21 U.S.C. § 841(b)(1) in effect at that time, distributing five grams or more of crack triggered a mandatory minimum of five years in prison and a maximum of 40 years in prison, while distributing 50 grams or more of crack triggered a mandatory minimum of 10 years in prison and a maximum of life. See United States v. Birt, 966 F.3d 257, 260 (3d Cir. 2020). At Andrews's sentencing, the District Court determined that he distributed 41.7 *kilograms* of crack, and that his applicable range under the then-mandatory Sentencing Guidelines was life in prison. The District Court imposed that life sentence, and it also imposed consecutive prison terms for his two § 924(c) offenses — 10 years in prison for the first one and 30 years in prison for the second one. We affirmed that judgment on direct appeal. See United States v. Andrews, 74 F.3d 1228 (3d Cir. 1995) (table).

In 2009, the District Court granted Andrews a sentence reduction under 18 U.S.C. § 3582(c)(2), reducing his life sentence to 30 years after determining that, due to an

intervening amendment to the Guidelines, his applicable range under the (now advisory) Guidelines was 30 years to life. And in 2013, the District Court vacated the consecutive, 30-year prison term for his second § 924(c) offense after concluding that he was actually innocent of that offense pursuant to intervening Supreme Court precedent. In view of these developments, Andrews's total prison sentence was now 40 years — the 30-year term imposed under the amended Guidelines, plus the consecutive, 10-year term imposed for the remaining § 924(c) offense.

In 2018, Congress enacted the First Step Act. See Concepcion v. United States, 142 S. Ct. 2389, 2396 (2022). Section 404 of that statute "authorize[s] district courts to 'impose a reduced sentence' for qualifying movants 'as if sections 2 and 3 of the Fair Sentencing Act [of 2010] . . . were in effect at the time the covered offense was committed.'" Id. at 2397 (alteration added) (quoting First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018)); see also id. at 2404 (explaining that the First Step Act does not *require* a district court to reduce a sentence). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum)." Dorsey v. United States, 567 U.S. 260, 269 (2012).

In 2019, Andrews filed a pro se motion in the District Court, seeking to reduce his sentence pursuant to Section 404 of the First Step Act. The Government opposed the motion, arguing that Andrews was ineligible for such a reduction because the amount of crack found by the District Court at sentencing — 41.7 kilograms — exceeded even the

new, 280-gram threshold for triggering the 10-year mandatory minimum and the maximum sentence of life. The District Court subsequently appointed Andrews counsel, who supplemented his motion. The District Court then stayed the proceedings pending our resolution of United States v. Jackson, C.A. No. 19-2499.

In 2020, we decided Jackson, holding that a prisoner's eligibility under Section 404 "turns on [his] statute of conviction rather than his actual conduct." 964 F.3d 197, 207 (3d Cir. 2020). The District Court then lifted the stay in Andrews's case. In view of Jackson, the Government conceded that Andrews is indeed eligible for a sentence reduction under Section 404. However, the Government argued that the District Court should deny that relief in its discretion. The District Court ultimately did just that; in September 2022, it denied a sentence reduction in its discretion after weighing the 18 U.S.C. § 3553(a) sentencing factors. The District Court observed that Andrews's offenses in this case "were obviously quite serious,"[1] and that "[h]is criminal record is

---

[1] The District Court explained that Andrews had been a "shift worker" and "enforcer" for Zulu Nation, "an organization that employed guns and violence to manufacture and distribute crack throughout significant portions of North Philadelphia." (Dist. Ct. Order entered Sept. 9, 2022, at 4-5 [hereinafter Dist. Ct. Order].) The District Court highlighted the 41.7 kilograms of crack that were deemed attributable to Andrews. The District Court, quoting his Presentence Report, also highlighted the following: (1) Andrews "conspired to purchase a bomb which was later affixed to a washing machine in [an abandoned] house [controlled by the Zulu Nation] so that it would detonate if discovered by intruders"; and (2) at one point during the drug-trafficking conspiracy, Andrews and another individual, "as directed by a leader of Zulu, had 811 vials of crack and a sawed-off shotgun at the [aforementioned house]." (Id. at 5.)

Under controlling authority in effect at the time of Andrews's sentencing, the District Court had the authority to make a finding as to the amount of crack attributable to Andrews. See United States v. Chapple, 985 F.2d 729, 731 (3d Cir. 1993). However, several years later, the Supreme Court held that, "[o]ther than the fact of a prior

equally serious: five juvenile adjudications and three adult convictions for crimes ranging from robbery and aggravated assault to burglary and forgery." (Dist. Ct. Order 5.) The District Court explained that "Andrews' history and characteristics, the nature and seriousness of his offenses, the need for general deterrence, and the need to provide just punishment weigh heavily against reducing his sentence," (id.), and that these factors outweighed his good behavior while in prison.[2]

Andrews, proceeding pro se, now appeals from the District Court's denial of his First Step Act motion.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Where, as here, a district court determines that a movant is eligible for a sentence reduction under the First Step Act but denies such a reduction, we review that decision for abuse of discretion. See United States v. Shields, 48 F.4th 183, 189 (3d Cir. 2022).[3] Because the

---

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Although Apprendi does not apply retroactively to cases on collateral review, see United States v. Swinton, 333 F.3d 481, 482 (3d Cir. 2003), the District Court recognized here that it could "consider the impact Apprendi would have had on his statutory range in determining whether to grant relief under Section 404," (Dist. Ct. Order 4 (internal quotation marks omitted)); see also Concepcion, 142 S. Ct. at 2404 ("hold[ing] that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act").

[2] The District Court acknowledged that Andrews "has had no infractions since 2012," that "[h]e is currently employed in the prison kitchen, where he interacts with staff and other inmates," and that he "has completed his GED and numerous other courses while incarcerated." (Dist. Ct. Order 5.)

[3] To the extent that this appeal raises legal questions, we review those questions under a

5

First Step Act affords district courts "broad" discretion, our review is deferential. See Concepcion, 142 S. Ct. at 2404. Indeed, as the Supreme Court has explained, "[o]ther than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review [in this context] should not be overly searching." Id. (citation omitted).

In this case, we cannot conclude that the District Court erred in denying Andrews's First Step Act motion. For one thing, his bald attack on the District Court's recalculation of his Guidelines range lacks merit. The Supreme Court has explained that "[a] district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." Id. at 2402 n.6. The District Court did not run afoul of that principle in Andrews's case, and we see no error in the District Court's determination that his applicable Guidelines range remained 360 months to life.

To the extent that Andrews contends that the District Court's reasoning in its decision was insufficient, we find this argument unpersuasive. To be sure, when deciding First Step Act motions, district courts have an obligation "to explain their decisions and demonstrate that they considered the parties' arguments." Id. at 2404. But this obligation does not require a district court "to expressly rebut each argument made by the parties" or "articulate anything more than a brief statement of reasons." Id. (internal quotation marks omitted). Having carefully reviewed the District Court's six-page order

plenary standard. See Birt, 966 F.3d at 259 n.2.

6

denying Andrews's First Step Act motion, we are convinced that the District Court fulfilled its obligation to explain its decision and demonstrate that it considered the parties' arguments.

We have examined the remaining arguments raised in Andrews's opening brief and conclude that none of them entitles him to relief here.[4] To the extent that he raises arguments for the first time in his reply brief, we deem those arguments forfeited. See United States v. Scarfo, 41 F.4th 136, 210 n.83 (3d Cir. 2022).

In view of the above, we will affirm the District Court's order denying Andrews's First Step Act motion.

---

[4] Although Andrews argues that this case should be remanded "to an unbiased judge," (Andrews's Opening Br. 5), he has not put forth, and we do not otherwise see, any evidence indicating that the District Judge who ruled on his First Step Act motion is biased against him.

7