**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2607
_____

UNITED STATES OF AMERICA

v.

GEORGE GONZALEZ,
                                Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 4-02-cr-0271-002)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 20, 2023

Before:  JORDAN, GREENAWAY, JR., and McKEE, *Circuit Judges*

(Filed: March 27, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

In a counseled and unopposed motion, George Gonzalez asked to have his sentence for violating his supervised release reduced from 48 months to 36 months, under Section 404 of the First Step Act. That was granted by the District Court, but two years later, Gonzalez filed a pro se motion to reconsider, requesting a sentence of time served. The District Court took account of the sentencing factors under 18 U.S.C. § 3553(a) and concluded that 36 months was indeed the appropriate sentence. Accordingly, it denied his request for a further reduction. Gonzalez, still proceeding pro se, challenges that denial. We will affirm.

## I. BACKGROUND

In 2003, Gonzalez pled guilty to one count of conspiracy to distribute more than 50 grams of cocaine base and 100 grams of heroin, in violation of 21 U.S.C. § 846. In that case, 4:02-cr-0271, the District Court sentenced Gonzalez to 168 months in prison to be followed by a five-year term of supervised release. Gonzalez began his term of supervised release for that conviction in February 2015, having completed his prison term.

While on supervised release, Gonzalez participated in a drug trafficking conspiracy to transport methamphetamine from California to Pennsylvania. He was arrested and pled guilty to one count of conspiracy to distribute at least 500 grams of methamphetamine. In October 2017, the District Court sentenced him to 110 months in prison in that case, 1:16-cr-00244, and imposed a 48-month sentence for revocation of supervised release in 4:02-cr-0271, to run consecutively with his 110-month sentence.

2

Congress then passed the First Step Act. In relevant part, Section 404 of the First Step Act authorized a federal district "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

In pertinent part, Section 2 of the Fair Sentencing Act increased the minimum quantity of cocaine base necessary to authorize a life sentence for distribution under 21 U.S.C. § 841(b) from 50 grams to 280 grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372. After that modification, the maximum sentence for a distribution offense involving 50 grams of cocaine base was reduced from a life sentence to 40 years. 21 U.S.C. § 841(b) (2012). That is significant in this case because, under 21 U.S.C. § 846, the penalties for conspiracy to distribute cocaine are the same as those provided for distribution under 21 U.S.C. § 841(b).[1]

In response to the changes in the law, Gonzalez filed a letter with the District Court seeking "a reduction in the crack-cocaine portion of his sentence as authorized by the … First Step Act … and [the] Fair Sentenc[ing] Act[.]" (Supp. App. at 038.) The Court appointed the Federal Public Defender's Office to represent Gonzalez, and that Office then filed an unopposed motion for a reduction of his supervised-release-

---

[1] The text of 21 U.S.C. § 846 was not changed by the First Step Act. *See* An Act to Prevent the Manufacturing, Distribution, and Use of Illegal Drugs, and for Other Purposes, Pub. L. No. 100-690, Title VI, § 6470, 102 Stat. 4377 (amending the text to its current form in 1988).

revocation sentence, under Section 404 of the First Step Act. The motion specifically asked for a reduction from 48 months to 36 months.

The Federal Public Defender's Office argued that "[a] revocation sentence constitutes a covered offense for purposes of the First Step Act."[2] (Supp. App. at 045). Gonzalez's conviction would have constituted a class B felony had the Fair Sentencing Act been in effect when he committed his crack-cocaine offense, as the statutory maximum would have been 40 years. *See* 18 U.S.C. § 3559(a)(2) (2012) (providing that an offense with a 40-year maximum term is classified as class B felony in cases such as this where the "section defining" "[a]n offense" does not otherwise provide). Thus, Gonzalez's maximum term of imprisonment for a revocation of supervised release would have been three years under the relevant statute. *See* 18 U.S.C. § 3583(e)(3) (2012) (explaining that "a defendant whose term is revoked … may not be required to serve on any such revocation … more than 3 years if [his] offense is a class B felony"). Consequently, the Federal Public Defender's Office argued, the 48-month revocation

---

[2] The Federal Public Defender's Office cited *United States v. Venable*, 943 F.3d 187, 193-94 (4th Cir. 2019), for this proposition. There, the Fourth Circuit held that a district court has the "authority to resentence a defendant serving a term of imprisonment for revocation of supervised release whose original, underlying conviction was for a 'covered offense.'" *Venable*, 943 F.3d at 194 (emphasis removed). The government does not dispute that Gonzalez's original conviction was for a "covered offense." Further, the government represents that it did not oppose the motion for reduction before the District Court on the assumption "that a sentence imposed upon revocation of supervised release is eligible for a sentence reduction under the First Step Act when the underlying crime is a covered offense within the meaning of the Act." (Answering Br. at 12 n.1.)

sentence exceeded the 36-month maximum. In July 2020, the District Court granted the unopposed motion reducing Gonzalez's sentence to 36 months, as requested.[3]

More than two years later, Gonzalez filed a pro se motion for reconsideration, asking the District Court to further reduce his penalty for violating supervised release to a sentence of time served. The Court construed the motion to reconsider as being based on *United States v. Easter*, 975 F.3d 318, 324 (3d Cir. 2020), which requires a district court to consider afresh the sentencing factors in § 3553(a) when resentencing someone under the First Step Act.[4]

The Court denied Gonzalez's reconsideration request after examining the § 3553(a) factors and concluding that 36 months was the right sentence. The Court considered the sentence to be appropriate "to reflect the serious nature of his drug offenses and his repeated failure to abide by the law, to promote respect for the law, to provide just punishment for the offenses, and to afford adequate deterrence to his criminal conduct[.]" (Supp. App. at 064.) Further, the Court noted Gonzalez's criminal history and observed that he "show[ed] no remorse for his drug crimes" and did not indicate he "t[ook] any responsibility for his criminal conduct." (*Id.*) Moreover,

---

[3] The order indicates it was signed on June 13, 2020, but that appears to be a typographical error as the motion was filed in July 2020 and the docket reflects that the order was filed on July 13, 2020.

[4] Our decision in *United States v. Easter*, 975 F.3d 318 (3d Cir. 2020), was filed in September 2020, three months after the District Court had issued its order granting the requested reduction in June 2020.

"Gonzalez continue[d] to represent a danger to the public if he is released from prison and his sentence is reduced to time served."  (*Id*.)

This appeal followed.

## II.    DISCUSSION[5]

On appeal, Gonzalez fails to identify any legal error in the order denying his request for an additional reduction of his revocation sentence and offers no argument that the District Court abused its discretion.  First, he fails to include any argument showing that his already-reduced 36-month sentence exceeds the legal maximum or that the conclusion that such a sentence was appropriate was substantively unreasonable.  And second, Gonzalez nowhere acknowledges that the District Court expressly considered the § 3553(a) sentencing factors before saying a 36-month sentence was appropriate.  Gonzalez has thus effectively waived any basis for altering the sentencing decision.  *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

---

[5] The District Court had jurisdiction under 18 U.S.C. § 3231 and 3582(c)(1).  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  When the District Court determines that "a defendant [is] eligible for a sentence modification under" the First Step Act but, upon consideration of that request, the District Court "declines to reduce the sentence or imposes a reduced sentence with which the movant is not satisfied, we review for abuse of discretion."  *United States v. Shields*, 48 F.4th 183, 189 (3d Cir. 2022).  But "we exercise plenary review [when] we are presented with legal questions" relating to a motion for sentence reduction.  *United States v. Birt*, 966 F.3d 257, 259 n.2 (3d Cir. 2020) (quoting *United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016)) (alteration in original).  "We review the denial of a motion for reconsideration for abuse of discretion."  *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010).

At any rate, we perceive no error in the decision. The initial order in 2020 provided all the relief Gonzalez's counseled motion sought. The purpose of a motion to reconsider is not to make arguments that a litigant could have made earlier and did not. *See United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (explaining that motions for reconsideration are neither "for addressing arguments that a party should have raised earlier" nor intended to "empower litigants … to raise their arguments, piece by piece") (quoting *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)) (alteration in original). Thus, the District Court appropriately focused its analysis on the import of our intervening decision in *United States v. Easter*. Any earlier error by the District Court in not considering the § 3553(a) sentencing factors (without the benefit of our decision in *Easter*) when granting all the relief sought in the counseled motion was cured by the later consideration of those factors when denying the pro se motion for a further reduction.

With that said, in light of Gonzalez's pro se status, we will briefly address three additional points. First, despite what Gonzalez might think, it is beside the point that, when he was sentenced in 2004, the Supreme Court had not yet rendered the sentencing guidelines advisory by its decision in *United States v. Booker*, 543 U.S. 220 (2005). The District Court expressly considered (and rejected) a sentence of time served. No argument has been made that the Court thought itself bound to impose a 36-month sentence due to some vestige of the pre-*Booker* mandatory guidelines. Rather, the Court plainly concluded that Gonzalez warranted a 36-month sentence.

7

That takes us to the second point: Gonzalez requests that we remand for re-sentencing so that he can receive a substantively reasonable sentence – in his view, time served. But Gonzalez has not explained why the conclusion that a 36-month sentence was appropriate is either an abuse of discretion or substantively unreasonable, and, in our view, a 36-month sentence for engaging in a methamphetamine conspiracy while on supervised release for a cocaine conspiracy suffers from neither deficiency, for precisely the reasons articulated by the District Court.

Finally, Gonzalez asserts that he did not agree with the decision of the Federal Public Defender's Office to seek reduction to 36 months and had not seen the motion before it was filed. Even crediting that assertion for the sake of argument, the outcome remains the same. Gonzalez's pro se motion for reconsideration made plain his request that he be sentenced to time served and, as we have explained, that request was adequately addressed by the District Court.

## III. CONCLUSION

For the foregoing reasons, we will affirm.

8