ALD-140                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1256
_____

UNITED STATES OF AMERICA

v.

TIMOTHY SMITH, also known as MUSA,
                                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 3:00-cr-00205-001)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2023

Before:  HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: May 22, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Timothy Smith appeals pro se from the District Court's order denying in part and granting in part his motion for a reduction in sentence filed pursuant to Section 404 of the First Step Act of 2018. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

Following a jury trial in 2000, Smith was convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine and more than 5 kilograms of powder cocaine, in violation of 21 U.S.C. § 846, and contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A). He was sentenced to life imprisonment in accordance with the then-mandatory Sentencing Guidelines. Smith appealed his conviction, and we affirmed. See United States v. Smith, 67 F. App'x 686 (3d Cir. 2003).

In 2021, Smith filed a counseled motion for a reduction in his sentence under Section 404 of the First Step Act.[1] Smith argued that a reduction to time served was warranted because, inter alia, his new advisory guideline range was 360 months to life; he has demonstrated evidence of rehabilitation; he has a low risk of recidivism; a reduction to time served, the equivalent of 25 years, is consistent with sentencing trends; and a reduction adequately reflects the seriousness of his offense. The Government opposed

---

[1] The First Step Act allows defendants to retroactively seek reduced sentences based on the Fair Sentencing Act of 2010, which in turn reduced the sentencing disparities between crack cocaine offenses and powder cocaine offenses by increasing the amounts of crack cocaine needed to trigger mandatory minimums. United States v. Birt, 966 F.3d 257, 259-60 (3d Cir. 2020).

the motion and contended that no reduction in sentence was warranted. In a letter order entered January 4, 2023, the District Court granted in part and denied in part Smith's motion. The District Court agreed that a reduction in sentence was warranted but ordered that Smith's sentence be reduced to 360 months' incarceration rather than time served. Smith appealed pro se, and the Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling for abuse of discretion. See United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020). We may take summary action if the appeal presents no substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

While the First Step Act allows a district court to reduce a sentence, a district court is not required to do so. See Jackson, 964 F.3d at 201. Once a district court determines that a defendant should be resentenced, it may consider "intervening changes of law or fact in exercising [its] discretion to reduce a sentence." Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022); see also United States v. Easter, 975 F.3d 318, 326 (3d Cir. 2020) (providing that district courts must consider factors described in 18 U.S.C. § 3553(a), to the extent they are applicable, in deciding whether to reduce a defendant's sentence under the First Step Act).

Here, the District Court noted, among other things, that Smith has expressed regret for his crimes; plans to move into his mother's home if he is released; has made plans for employment upon release; has obtained his GED while incarcerated; and poses a lower

3

risk of recidivism considering his age (56) and relatively minimal disciplinary history. On the other hand, the District Court noted that Smith's offense was serious, as it involved a large quantity of drugs and several aggravating factors, and that Smith had an extensive criminal history prior to his incarceration, including a pattern of narcotics offenses. Based on these considerations, the District Court concluded that a reduced sentence of 360 months—the low end of Smith's new advisory guideline range—was sufficient to "reflect the seriousness of the offense[,] afford adequate deterrence[,] [and] protect the public." See Dkt. #147 at 4 (quoting 18 U.S.C. § 3553(a)(2)). We cannot conclude that the District Court abused its discretion in reaching this conclusion. On the contrary, its decision reflected a careful balancing of the considerations at issue, and we will not disturb it. See Concepcion, 142 S. Ct. at 2405 (reasoning that, in analyzing motion for reduction in sentence under the First Step Act, "[a]ll that is required is for a district court to demonstrate that it has considered the arguments before it").

We accordingly grant the Government's motion and will summarily affirm the District Court's order.